IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JEFFREY EAST                                                                                      PLAINTIFF

v.                                       Civil No. 1:14-cv-1056

DAVID NORWOOD; NATHAN
GREELEY; DOUG WOODS; and
BRITT HUNEYCUTT                                                                              DEFENDANTS

**ORDER**

Before the Court is Defendants' Motion to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 31). On October 17, 2014, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). On October 23, 2015, an order granting *in forma pauperis* (IFP) was entered. (ECF No. 15). The order advised Plaintiff that failure to keep the Court informed of a valid current address may result in dismissal of this case. On February 15, 2017, the Court issued an Initial Scheduling Order and mailed the same to the Plaintiff at his address of record at the time − ADC − Pine Bluff, 890 Free Line Drive, Pine Bluff, Arkansas 71603. (ECF No. 28). On February 28, 2017, the filing was returned to the Court as undeliverable with no forwarding address, indicating that he was no longer there. (ECF No. 29). On March 7, 2017, a new address for Plaintiff was located, based on research by the Court.[1] On March 31, 2017, a Show Cause Order was entered. (ECF No. 30). The order directed Plaintiff to respond by April 14, 2017, or the case would be subject to dismissal. The order was not returned as undeliverable.

On August 1, 2017, Defendants filed the instant Motion to Dismiss. (ECF No. 31). The motion notes that the April 14, 2017 deadline has passed, and Plaintiff has not responded to the Show Cause Order nor communicated with the Court in any way. As of the date of this order's entry, Plaintiff has not filed a response to Defendants' Motion to Dismiss and has not communicated with the Court since July 6, 2016.

---

[1] This address is 49 Dallas 159, Fordyce, Arkansas 71742.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to prosecute this matter and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Defendants' Motion to Dismiss (ECF No. 31) should be and hereby is **GRANTED**. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 8th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
